UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD LEONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARREN HAVENS, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-05234-JST<br><br>**ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED** |
| ARNOLD LEONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARREN HAVENS, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-05236-JST |

These cases originated in the Alameda County Superior Court, where Plaintiff filed a petition to confirm an arbitration award. *See* Case No. 20-cv-05234-JST, ECF No. 1-1 at 3. On July 29, 2020, Defendant Warren Havens filed two identical notices of removal, resulting not only in the removal of the case to this court, but also in the issuance of two separate case numbers. *See* Case No. 20-cv-05234-JST ECF No. 1; Case No. 20-cv-05236-JST, ECF No. 1.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of

the parties, or make those who are parties in one suit parties in another." *Enter. Bank v. Saettelle*, 21 F.3d 233, 235 (9th Cir. 1994) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97 (1933)). "In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result." *Butler v. Raugh*, No. C19-964RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019). "[C]onsolidation is within the broad discretion of the district court . . . and trial courts may consolidate cases *sua sponte*." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citations omitted).

These cases appear to be particularly good candidates for consolidation, given that they are identical in all respects. Accordingly, the parties are hereby ORDERED TO SHOW CAUSE why these cases should not be consolidated for all purposes. A written response to this order is due September 30, 2020. The Court will take the matter under submission on that date unless the Court orders otherwise. If no response is received, the Court will consolidate the cases.

**IT IS SO ORDERED.**

Dated: September 23, 2020



JON S. TIGAR
United States District Judge